UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUBEN ALBERTO DELGADO, JR.,

   Petitioner,

   v().

UNITED STATES OF AMERICA,

   Respondent.

Case No. 20-cv-00931-JPG

**MEMORANDUM AND ORDER**

### I. Introduction

This matter is before the Court on petitioner Ruben Alberto Delgado, Jr. ("Petitioner" or "Delgado") Petition for a Writ of Habeas Corpus to 28 U.S.C. § 2241. Petitioner filed his original petition in this court on September 20, 2020 (Civ. Doc. 1)[1]. On November 12, 2020, the Court appointed Petitioner a Federal Public Defender ("FPD") and allowed them to file an amended petition, which the FPD did on February 19, 2021 (Civ. Doc. 10). The United States of America ("Government" or "Respondent") filed their response on April 6, 2021 (Civ. Doc. 18). Petitioner filed their reply on May 21, 2021 (Civ. Doc. 20).

### II. Background

On August 16, 2011, Delgado was charged by three-charge indictment in the U.S. District Court for the Southern District of Texas, Case No. 1:11-cr-00716. On March 8, 2012, Delgado pled guilty to one count of possession with intent to distribute crack cocaine (Count 2 of the indictment) and one count of being a felon in possession of a firearm (Count 3 of the indictment). The prosecutor in that case moved to dismiss Count 1, which the court granted.

---

[1] Similar to the parties, the Court will refer to documents in the civil case as "Doc.__" and documents in the underlying criminal case as "Crim. Doc.__".

(Crim. Doc. 7 and 16). Delgado was sentenced to 120 months imprisonment with a four-year term supervised release on Count 2. This term was to run concurrent to 90 months imprisonment with a three-year term of supervised release on Count 3.

Before Delgado was sentenced as a felon in possession, there are two prior convictions at issue. Delgado received some juvenile and misdemeanor sentences prior to these two prior convictions.[2] These prior convictions are Cameron County, Texas Case No. 09-cr-2680-A (aggravated assault) and 09-cr-2799-A (possession of a controlled substance and evading arrest), with sentences of 240 days in custody and probation in each case. (Civ. Doc. 10, p. 6). Regarding count 3 of the felon in possession federal case, the indictment alleged:

> On or about July 20, 2011, … Delgado... having been convicted on June 14, 2010, in the 107th Judicial District Court of Cameron County, Texas, in Cause No. 09-CR-02680-A, of the felony offense of Aggravated Assault, and in Cause No. 09-CR-2799-A, of the felony offense of Possession of a Controlled Substance and Evading Arrest, crimes punishable by imprisonment for a term exceeding one year, and did knowingly in an effecting commerce ammunition, to wit: approximately 8 .223 caliber cartridges.

(Indictment, Crim Doc. 7, p. 2). Thus, Delgado was convicted of the state cases on June 14, 2010. On that date, the state court judge, in an order called "Order of Deferred Adjudication: Placement on Community Supervision," deferred his case for ten years and placed a number of conditions on his supervision.[3] Cameron County documents state that if Delgado violates

---

[2] In 2002, Delgado received a juvenile conviction for possession of marijuana and a 2005 juvenile conviction for theft. In both those cases he received probation sentences. As an adult, Delgado received probation for a 2008 racing on the highway ticket. That same year he received a possession of marijuana conviction for which he received 180 days incarceration and a 2009 DUI conviction, for which he also received 180 days incarceration in jail. However, as the Petitioner notes, none of these were felony convictions. On the whole, before Petitioner's cases in federal court, he served 240 days in jail.

[3] The Order states "the Court, after due consideration, and after reviewing the presentence investigation report, is of the option that the best interest of society and the Defendant will be served in this cause by deferring further proceedings without entering an adjudication of guilt pursuant to Texas Code of Criminal Procedure, Article 42.12, Section 5. IT IS THERFORE ORDERED that further proceedings in this cause shall be and are hereby deferred and that Defendant is placed on community supervision in this case for TEN (10) YEARS…" (Doc. 18, Exhibit C at 30).

supervision of his release, he is entitled to a hearing on final adjudication of his guilt.[4] On or about April 2011, Delgado violated certain terms of his supervised release and an arrest warrant was issued for a hearing on his guilt. (Doc. 18, Exhibit C at 42). However, pursuant to the deferred judgment, he had yet to have a hearing adjudicating him of his guilt. (Doc. 18, Exhibit C at 25). The indictment charges Delgado of being a felon in possession of ammunition on or about July 20, 2011. He was indicted on the federal charges on August 16, 2011. During the plea hearing on October 4, 2011, defense counsel made the following statement, "[y]our Honor, just for the record, Your Honor, for the Count 3 for the felon in possession, Mr. Delgado understands that the underlying offenses, although he received deferred adjudication, community supervision in state court, he understands that for sentencing purposes here in federal court, it still counts as a final conviction." (Doc. 18, Exhibit D at 18). At sentencing, the Court sentenced him to 120 months as to Count 2 and 90 months as to count 3 to run concurrently.

Delgado is currently housed at USP Marion. As a result, he filed a petition seeking relief under 28 U.S.C. § 2241 in the Southern District of Illinois pursuant to the Supreme Court's holding *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

### III.   Analysis

#### A.   Challenging a Conviction under § 2241 – first two *Davenport* conditions

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence in a § 2255. *Valona v. United States*, 138 F.3d 693, 694

---

[4] "If I am granted a deferred adjudication probation, on violation of a condition of probation imposed by the Court, I may be arrested and detained as provided in the Texas Code of Criminal Procedure. I am entitled to a hearing limited to the determination by the Court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of probation, and appeal continue as if adjudication of guilt had not been deferred[.]" (Doc. 18, Exhibit C at 25).

(7th Cir. 1998). However, the Seventh Circuit has recognized that it is possible for a prisoner to challenge his sentence or conviction in a § 2241 in very limited circumstances. Title 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under a § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

A defendant who invokes the § 2255(e) savings clause in order to proceed under a § 2241 must satisfy three conditions to show § 2255 is inadequate or ineffective: (1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 610–11 (7th Cir. 1998). These three conditions are known as the *Davenport* conditions.

The Supreme Court recently changed the government law regarding 18 U.S.C. § 922(g), which prohibits convicted felons and other classes of individuals from possessing firearms or ammunitions in a decision, *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Before *Rehaif*, appellate courts throughout the country required a government to prove a defendant knowingly possessed a firearm or ammunition. In *Rehaif*, the Supreme Court held that the government "show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Specifically, before *Rehaif*, the Government would have to prove (1) that the defendant knowingly possessed a firearm, (2) that he was a convicted felon at the time he possessed the firearm, and (3) that the firearm traveled in interstate commerce. After *Rehaif*, the Supreme Court required that the Government must also prove (4)

that the defendant knew at the time he possessed the firearm that he had been convicted of a crime punishable by imprisonment for more than one year.

Here, the Government concedes that Delgado satisfies the first two *Davenport* conditions. (Civ. Doc. 18, p. 19). First, *Rehaif*, decided on June 21, 2019, was a case of statutory interpretation that changed the law regarding 18 U.S.C. § 922(g), which prohibits convicted felons and other classes of individuals from possessing firearms or ammunitions. *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Thus, Delgado meets the first *Davenport* condition to trigger the savings clause.

The second *Davenport* condition requires that the new rule Petitioner relies upon must be made previously unavailable and apply retroactively. While the Seventh Circuit has not yet affirmatively decided that *Rehaif* is retroactive, both the Government and Petitioner agree that *Rehaif* is retroactive on collateral review. (Civ. Doc. 10, p. 3-4); (Civ. Doc. 18, p. 20-21). The Court agrees. First, "[n]ew substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms[.]" *Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004) (internal cites omitted). The Supreme Court of the United States noted that such decisions apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id*. (cleaned up). In addition, according to the Seventh Circuit Court of Appeals, in order to satisfy the condition that a retroactive rule could not have been invoked in a § 2255, as required for a petitioner to proceed on a subsequent § 2241, it must have been "futile" to raise a claim based on the rule in the petitioner's initial motion, as the law was squarely against him. *Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016). Thus, the Court agrees with the parties that this rule was

unavailable to petitioner and that it applies retroactively.

### B. Challenging a Conviction under § 2241 – third *Davenport* condition

The parties disagree over the whether or not Petitioner passes the third *Davenport* hurdle – namely whether the error asserted is grave enough to be deemed a "miscarriage of justice." While Petitioner sustained prior convictions for misdemeanor and juvenile offenses, two prior convictions are currently at issue. Specifically, these convictions are in Cameron County, Texas cases 09-cr-2680-A (aggravated assault) and 09-cr-2799-A (possession of a controlled substance and evading arrest). On June 21, 2010, in each of these convictions, the Court issued deferred judgment orders. Specifically, the judgment orders in Cameron County state the court was "deferring further proceedings without entering an adjudication of guilt." The court placed Delgado on community supervision for ten years. On July 20, 2011, Delgado was charged with the federal criminal complaint alleging he was a convicted felon in possession of ammunition. For this reason, Petitioner argues that on June 21, 2010, both the length of the sentences imposed, and the deferred adjudications of guilt were insufficient to put him on notice that he was a convicted felon. (Doc. 10 at 7). The Government argues that there is substantial evidence that Petitioner was "well aware that he had been convicted of crimes punishable by terms of imprisonment exceeding one year at the time he possessed the ammunition in question." (Doc. 18 at 22).

First, some information regarding a "deferred prosecution" is important. Specifically in Texas, if a defendant who receives deferred adjudication upon a guilty plea successfully completes the community supervision term, the case, for most legal purposes, disappears; in those circumstances, the proceedings are dismissed, the defendant is discharged, and the defendant is deemed not to have a conviction for many purposes. Tex. Crim. Proc. Code Ann.

art. 42.12 § 5(a); *United States v. Mills*, 843 F.3d 210 (5th Cir. 2016). The Fifth Circuit Court of Appeals has dealt with the issue of state "deferred adjudication" as it relates to subsequent federal convictions.[5] Additionally, in 1983, the Supreme Court determined that an Iowa court's "deferred" entry of judgment following a guilty plea counted as a conviction for purposes of 18 U.S.C. § 922(g). *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 110, 103 S. Ct. 986, 990, 74 L. Ed. 2d 845 (1983) (holding plea of guilty to disqualifying crime and its notation by state court, followed by sentence of probation, is equivalent to being "convicted"). However, a deferred prosecution for sentencing purposes and satisfaction of scienter of felon status are different based in the reasoning in *Rehaif*. For example, a Defendant could have received a sentencing enhancement (as Delgado was subject to here) under a deferred adjudication prior case but that same deferred adjudication may not satisfy that defendant "knew" he was a felon at the time of possessing the ammunition.

Both parties believe the evidence in the record leads to different conclusions – namely whether or not Petitioner was aware of his felon status at the time he possessed the ammunition. This Court, the habeas court, must "make its determination concerning the petitioner's innocence in light of *all* the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup v. Delo*, 513 U.S. 298, 328, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995) (internal quotations omitted).

The Government argues that Petitioner agreed to the factual summary from the

---

[5] *See e.g. United States v. Washington*, 480 F.3d 309, 318 (5th Cir. 2007) (holding a deferred adjudication is a prior conviction for purposes of § 4B1.1); *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004) (holding a deferred adjudication probation is a prior conviction for purposes of § 2L1.2); *United States v. Valdez–Valdez*, 143 F.3d 196, 200 (5th Cir. 1998) (holding that a deferred adjudication counts as a prior sentence for the purposes of calculating a defendant's criminal history score under §§ 4A1.1 and 4A1.2).

indictment, which shows that Petitioner knew he was previously convicted of the Cameron County cases which he stated were "felony offense[s]" of Aggravated Assault and Possession of Controlled Substance and Evading Arrest. (Doc. 18 at 21). Next, the Government argues that Petitioner admitted at rearraignment to being convicted of those felony offenses and that he understood (through a discussion with his attorney), although he received deferred adjudication, those offenses still count as a final sentence for sentencing purposes. *Id*. at 23-24. Additionally, the Government argues that the Petitioner's knowledge that he was a convicted felon is "established and provided" by his two prior state conviction documents. *Id*. at 24. Specifically, Exhibit C to the Government's brief includes dozens of documents which they state, "established and proved Delgado" was apprised of potential penalties and that he was a felon on June 14, 2010.[6] Additionally, the Government argues Petitioner signed certain waivers and stipulations during his state proceedings that establishes he knew the "classification of the offense." *Id*. at 25. The Government notes the judge in the state court "admonished the Defendant of the range of punishment of the offense…" and therefore he was put on notice. *Id*. Essentially, the Government argues that the record establishes Petitioner's awareness of his status to demonstrate knowledge he was a felon in July 2011. *See* Exhibit C; (Doc. 18 at 27).

      Petitioner replies with three arguments. First, Petitioner notes reliance of admissions during federal proceedings reveal that he knew of his felon status at the time of federal proceedings and not at the time he possessed the ammunition, based on the requirement in *Rehaif*. Next, the Petitioner responds by stating the state court documents apprised Petitioner of

---

[6] "If I am granted a deferred adjudication probation, on violation of a condition of probation imposed by the Court, I may be arrested and detained as provided in the Texas Code of Criminal Procedure. I am entitled to a hearing limited to the determination by the Court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of probation, and appeal continue as if adjudication of guilt had not been deferred[.]" (Doc. 18, Exhibit C at 25).

the potential terms of imprisonment "*upon entry of judgment.*" Since judgment had not been entered in the state case but was deferred for ten years, Petitioner was only put on notice he was subject to "incarceration of over one year *only if* judgment was entered." Doc. 20 at 3. Additionally, the judge stated "[y]ou fail to follow these orders and you come back, you are going to prison for 10 years. You behave and do what you are suppose (sic) to like everybody else in society, you will be fine, you mess up you come back that is it (sic)." (Doc. 18, Exhibit B at 20). In short, Petitioner argues he was only on notice of his potential incarceration on June 14, 2010, and not on notice regarding his status as a felon at that time. Lastly, Petitioner argues the Government failed to address evidence of his lack of knowledge by the statement his counsel said at his plea hearing, i.e. that "although he received deferred adjudication…it still counts as a final conviction." (Doc. 18 at 4).

      The questions before this Court are: is it plausible that a reasonable juror could have inferred that he was unaware that he was a convicted felon when he possessed the ammunition? Has Petitioner shown a "reasonable probability" that he would not have pleaded guilty if he knew of *Rehaif*? Has Petitioner shown a "reasonable probability" there would be a difference in his sentence had the felon in possession charge been dismissed? The Court believes it is possible that a jury could have acquitted him of Count 3 of the indictment for being a felon in possession. "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he

is 'actually innocent.") (internal citations omitted).

First, the Court believes the decisions in *Rehaif* and *Greer* are instructive. In *Rehaif*, the Supreme Court held that "knowingly" *mens rea* under § 924(a)(2) extends to both the element of possession of the firearm or ammunition and the element of the defendant's status in the relevant category. *Id*. The Court believed this was important because "[w]ithout knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful." *Rehaif*, 139 S. Ct. at 2197. While *Rehaif* did not alter the "well-known maxim that ignorance of the law (or mistake of law) is no excuse," it did note that "[this] maxim does not normally apply where a defendant 'has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct,' thereby negating an element of the offense," *Id*. at 2198 (internal citation omitted). Thus, "mistake of law" is a defense if the mistake negates knowledge required to establish material element of the offense. *Id*. (showing similarity where the court requires scienter in respect of defendant's use of food stamps but also in respect to whether food stamps used in a manner not authorized by statute). Here, the Court believes the latter applies to Petitioner.

*Greer* provided additional contours over *Rehaif* errors – namely whether *Rehaif* errors require automatic reversal. *Greer* was a consolidated appeal from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020). The Court noted that defendants like Gary and Greer face "an uphill climb," reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id*.; *see also id*. ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)). However, this case is unlike *Greer*. The Supreme Court in *Greer* noted that *Rehaif* errors do not require reversal of a

conviction because a single omission during the plea colloquy where defendants were in fact felons and knew they were felons. The Court believed the cases were "straightforward" unless the "[defendant] has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms." *Greer*, 141 S. Ct. at 2098. Here, Petitioner has made such a representation and has presented evidence at the plea hearing and in this petition that he did not know he was a felon. *Id*. (holding when a defendant argues he did not know he was a felon, a district court "must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different.").

Recently, the Tenth Circuit Court of Appeals considered an appeal of a § 2255 where the district court denied defendants petition based on *Rehaif* error stemming from a deferred sentence because "the court concluded that Mr. Dace failed to show a reasonable probability that he would have gone to trial on the § 922(g) charges but for the *Rehaif* error and, therefore, he could not establish prejudice to excuse the procedural default." *United States v. Dace*, No. 20-1343, 2021 WL 4998925, at *2 (10th Cir. Oct. 28, 2021). Specifically, petitioner's previous felony conviction resulted in a deferred sentence and no prison time. However, the Court of Appeals found that Mr. Dace failed to meet his burden to show prejudice because he argued that the government's evidence was 'extremely weak," which wrongfully shifted the burden on the government to show a reasonable probability he would have gone to trial but for the *Rehaif* error. *Id*. at 3; *cf Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). Second, the Court of Appeals found the government's evidence was "not weak." In fact, the government showed evidence he was advised under Colorado law that his predicate conviction was a felony, admitted he was a felony when he pled guilty to § 922(g) violation, and offered *no* evidence he did not know he

was a felon when he possessed the guns. *Id*. at 4. While petitioner argued he faced prejudice by not being able to negotiate a more favorable plea agreement, the Court of Appeals stated his principal motivation was to reduce his overall sentence, which he admits was driven entirely by the drug charge in § 924(c) count. The Court notes that this is not the same as Mr. Delgado's case. In particular, the record has evidence of Delgado's concern during the plea colloquy that he was not a felon as a result of the deferred adjudication. Additionally, the record from the state court does not similarly provide the same felony advisement as Colorado law. The record from the Texas record shows that Mr. Delgado's sentence and adjudication was deferred and he *may* be subject to a felony conviction if he failed conditions of his supervision.

The Court finds this case similar to the reasoning in case of *United States v. Davies*, a case evaluated by the Eighth Circuit Court of Appeals. 942 F.3d 871 (8th Cir. 2019). In *Davies*, the Eighth Circuit vacated Davies' conviction under *Rehaif* where defendant pled guilty to two Iowa felonies. *Id*. After pleading guilty but *before* sentencing in his Iowa cases, Davies possessed two firearms. At bench trial in federal court, Davies stipulated that he knowingly possessed the firearms. However, he contested whether he had been convicted of a felony under Iowa law because he had not yet been sentenced. *Id*. The Eighth Circuit held, "[t[hough the facts establish Davies knew he pleaded guilty to the Iowa felonies, they do not show he knew he had been *convicted* of the Iowa felonies." *Id*. at 875. Additionally, the Eighth Circuit noted that the facts indicated defendant "knew the offenses to which he was pleading guilty would ultimately qualify him to be charged as a felon in possession of a firearm, but there is no evidence that he knew when he possessed the firearms…that he had been convicted of those crimes." *Id*. Similar to Davies who was not a felon between pleading guilty and his sentencing, Delgado was not adjudicated guilty in his state case at the time noted in the indictment. His state court documents

entitled him to a hearing on an adjudication of guilt upon a violation of supervision. Thus, even though the prosecutor filed a statement in April 2011 that he had violated his terms of supervision, he had not been adjudicated or brought before the state court when he possessed ammunition on July 20, 2011.

The Court finds that there is a miscarriage of justice. *Cf United States v. Maez*, 960 F.3d 949, 966 (7th Cir. 2020) (finding no risk of a miscarriage of justice where defendant's PSR showed that he had at least four prior felony convictions and had served a year or more in prison on three of those convictions); *United States v. Pulliam*, 973 F.3d 775, 782 (7th Cir. 2020), as amended (Sept. 8, 2020) (finding no miscarriage of justice where defendant's "time in prison— serving over a year at a time on at least two occasions—and the 'sheer number of his other convictions' impairs his ability to argue ignorance as to his status as a felon."). Other circuits have rejected *Rehaif* error for similar reasons. *See United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (finding no effect on substantial rights in appeal of jury conviction because defendant admitted he served eighteen years in prison); *United States v. Hollingshed*, 940 F.3d 410, 415–6 (8th Cir. 2019) (same for defendant who served four years); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (same for defendant who served five years for felon-in-possession conviction).

Delgado's case is distinguishable regarding the length of his former incarceration. First, other than the Cameron County cases, Delgado's other convictions were either juvenile or misdemeanor cases. Before his federal cases, Delgado served less than a year total in all of his cases (around 240 days). *See* Doc. 10, Exhibit 5 at 3-4. Thus, Delgado could not have known he was a felon simply by how long he was incarcerated. *Cf Muhammad v. Entzel*, No. 19-CV-1343-SLD, 2020 WL 7346027, at *3 (C.D. Ill. Dec. 14, 2020) (no miscarriage of justice because

defendant faced multiple felony convictions for which he was sentenced to more than one year in prison). The Cameron County state court documents show *potential* penalties, affirmatively deferred the adjudication of guilt for ten years, and stated that he would only be adjudicated upon a violation of a condition of supervision after a hearing. Delgado had only ever served less than a year in a jail (240 days).

It is Petitioner's burden to show a "reasonable probability" that he would not have pleaded guilty if he knew of *Rehaif*. "The Supreme Court even gave a possible example [of where defendant met reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*]: "a person who was convicted of a prior crime but sentenced only to probation." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020) (citing *Rehaif*, 139 S. Ct. at 2198). Petitioner states that it is "entirely plausible that a reasonable juror could have inferred that he was unaware that he was a convicted felon when he possessed the ammunition. The added *Rehaif* element may have resulted [in] an acquittal at jury trial or in dismissal of the charge, leading to a much different result in the case." (Doc. 10 at 9). Additionally, the Government did not address Delgado's statement during the plea colloquy and relies on the charging documents in the federal case as admissions that Delgado has satisfied the knowledge requirement. *Rehaif* requires evidence of "knowledge" at the time of the possession of ammunition and not at the time of federal proceedings.

The Court recognizes there are inherent issues with obtaining resentencing under 28 U.S.C. § 2241 when the case is not before the original sentencing court. *See generally, Hill v. Sepanek*, No. CV 14-85-ART, 2017 WL 73338 (E.D. Ky. Jan. 6, 2017) (discussing the issues related to comity, fairness, practicality, and congressional will that make resentencing outside of the procedures in 28 U.S.C. § 2255 inherently problematic).

However, before granting Petitioner's § 2241 pursuant to § 2255(e), the Court would like to inquire further with the parties. Specifically, the Court is not convinced at this juncture that the Defendant has provided enough evidence to show how *resentencing* Delgado will result in a reduction in his overall sentence. As the parties have stipulated, Delgado's total sentence was 120 months imprisonment on the drug charge. He was sentenced to 90 months imprisonment on the felon in possession charge, to run *concurrent* with Count 2. While Petitioner has shown a "reasonable probability" he may not have pleaded guilty of the felon in possession charge, the Petitioner has not provided this Court enough evidence that resentencing Petitioner in the Southern District of Texas will result in a lower sentence, given other evidence this Court should be aware of that may affect Delgado's sentence or probation if "actually innocent" of the charge, or how it would have affected plea negotiations in the case.

As such, the Court will require a hearing on the matter to hear arguments on both sides. While the Court agrees with Petitioner's claim of "actual innocence," this Court is cognizant of the resources involved in a resentencing.

### IV. Conclusion

- A telephone hearing on the matter is set for June 21, 2022, at 10 a.m. A notice scheduling this matter to follow.

- Petitioner's Motion for Status (Doc. 23) is **GRANTED**.


**IT IS SO ORDERED.**
**Dated: April 26, 2022**

                                                  /s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**