UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUBEN ALBERTO DELGADO, JR.,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Case No. 20-cv-00931-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Respondent United States of America ("Government" or "Respondent") Notice of Supplemental Authority and Motion to Reconsider. (Doc. 30). The Petitioner Ruben Alberto Delgado, Jr. ("Delgado" or "Petitioner") did not file a response.

**I.   Background**

This Court has detailed the factual circumstances in a Memorandum and Order on April 26, 2021. (Mem. & Order, Doc. 24). On March 8, 2012, Delgado pled guilty of possession with intent to distribute cocaine (Count 2 of the indictment) and one count of being a felon in possession of ammunition (Count 3 of the indictment). Delgado was sentenced to 120 months' imprisonment. Delgado filed a 28 U.S.C. § 2241 petition seeking habeas relief under *Rehaif v. v. United States*, 139 S. Ct. 2191 (2019). In the Court's previous order, the Court found that there was a "miscarriage of justice." *Id*. The Court, however, before entering a ruling granting Delgado's § 2241, set a hearing to determine whether resentencing Delgado on his concurrent sentence would actually result in a shorter sentence.

The Government now notices the Court regarding *Santiago v. Streeval*, 36 F.4th 700 (7th Cir. 2022), a case decided two months after this Court issued its ruling and asks the Court to

1

reconsider its previously ruling and finding a "miscarriage of justice" occurred. In *Santiago*, the Seventh Circuit Court of Appeals clarified the legal standard for a finding of a "miscarriage of justice" in a § 2241 in a *Rehaif* case. The Court now turns to the specifics of the Government's motion.

## II. Law & Analysis

Because the Court previously issued findings, the Government moves for reconsideration under Federal Rule of Civil Procedure 54(b). Additionally, based on the "law of the case" doctrine, this Court has authority "to reconsider a previous ruling in the same litigation" and is authorized to do so "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

The Seventh Circuit in *Santiago* clarified the standard under § 2241. As stated in the Court's previous order, the focus is on the third element of the savings clause.[1] The Government argues that the third element of the *Davenport* test requires a "showing a miscarriage of justice" which means showing actual innocence. (Doc. 30 at 6-7). The Court agrees and reconsiders its finding of "actual innocence" in light of the clarification outlined in *Santiago*. Defendant has failed to meet the burden under the demanding standard outlined by the Seventh Circuit. The court in *Santiago* states the following:

> Accordingly, to prove actual innocence, the petitioner must show that more likely than not ... no reasonable juror would find him guilty beyond a reasonable doubt. This standard seeks to ensure that petitioner's case is truly extraordinary ... while still providing petitioner a meaningful avenue by which to avoid a manifest injustice. To meet that demanding standard, a petitioner must often offer new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial to prove actual innocence.

---

[1] The parties rely on a new statutory case, and it applies retroactively, the first and second elements, respectively.

*Santiago*, 36 F.4th at 707 (cleaned up). Thus, the *Santiago* court held that "[t]o establish actual innocence here, Santiago must show that no reasonable juror would find beyond a reasonable doubt that he knew that either of his prior convictions was for a crime that carried a *potential* sentence of more than one year in prison." *Id*. The Seventh Circuit additionally stated that it sees "no reason to apply a less demanding standard" to the petition under 2241 "where the factual question was Santiago's subjective knowledge." *Id*. n. 3.

This clash between the more demanding no-reasonable-juror standard and a less demanding standard for *Rehaif* claims under § 2241 is demonstrated by Judge Wood's dissent. Judge Wood advocates for a less stringent standard, which allows for petitioners to prevail in a 2241 where petitioners can show that "reliance on the old understanding of the statutory law had a 'substantial and injurious effect or influence' in determining the outcome of the case." *Id*. at 713 (Wood, D., dissenting). While Judge Wood would have granted Santiago's petition under a less stringent standard, it agreed with the majority "that Santiago has not yet shown quite enough to satisfy the savings-clause criteria under the 'no reasonable juror' standard." *Id*. Here, this Court faced with the demanding no-reasonable-juror standard, agrees that Delgado has not met his burden.

First, Delgado's initial § 2241 does not argue that "no reasonable juror" would convict him. Instead, his initial petition argues that "it is entirely plausible than a reasonable juror could have inferred that he was unaware that he was a convicted felon when he possessed the ammunition." (Doc. 10 at 9). As the Government notes, "it is not enough that a reasonable juror could plausibly acquit Delgado." (Doc. 30 at 5). The Court's previous evaluation on whether it was *plausible* a juror would have inferred he was aware of his status was the incorrect standard to use based on the directive from *Santiago*. It is Delgado's burden to show that *no* reasonable juror would convict

him, and it is not the Government's burden of persuasion. *See Santiago*, 36 F.4th at 707. Delgado has not argued "no reasonable juror" would convict him, and therefore does not meet his burden.

This Court previously evaluated the following evidence to show it was plausible a juror could have inferred he was unaware of his felon status: Delgado conveyed concern during the plea colloquy regarding the underlying deferred adjudication cases, the records from the state court which state he *may* be subject to a felony conviction, and the fact he had not previously served more than a year in prison for other cases. (Doc. 24 at 11-12). However, this evidence is not enough to meet the demanding no-reasonable-juror standard.

First, regarding the evidence proffered that the state court documents indicate he would be subject to ten years imprisonment *if* judgment was later entered[2], *Santiago* speaks to a similar issue. Santiago was arrested for disorderly conduct, revoked on parole and ordered to serve 23-month maximum sentence and immediately paroled. *Id*. at 708. Here, similarly, Delgado, who had served 240 days in jail (twice as long as Santiago). However, as emphasized by *Santiago*, all the Petitioner is charged to know is whether or not his previous crime carried a *potential* sentence. Just as *Santiago* was put "on notice" regarding a prior conviction, his deferred adjudications in Cameron County for aggravated assault and possession of a controlled substance similarly put him "on notice" that such convictions carried *potential* sentences of more than a year in prison.

The *Santiago* court also evaluated a category of evidence where a jury could be skeptical of Santiago's *Rehaif* claim, such as how the ammunition or gun was found. Specifically, the court found that his "other actions and intentions at the time [of the offense] are relevant to his state of mind for the felon-in-possession charges." *Id*. at 710 n.5. The court in *Santiago* found "fairly

---

[2] The sentencing court stated: "[y]ou are getting a big break, a huge break. You fail to follow these orders and come back, you are going to prison for 10 years. You behave and do what you are suppose [sic] to like everybody else in society, you will be fine. You mess up and come back that is it." Doc. 18-2 at 13.

skeptical" of Santiago's claim he had a non-criminal state of mind "while he was planning and carrying out those three armed robberies." *Id*. at 710. Here, a jury could be similarly skeptical where Delgado illegally possessed ammunition during a search of his residence where 52.58 grams of cocaine, 90 bills of ecstasy, drug paraphernalia, and $12,000 cash. (Presentence Investigation Report, Doc. 30-1 at ¶ 7). Where the *Santiago* court found the circumstances relevant to his criminal state of mind, this Court will as well. *Santiago*, 36 F.4th at 710. ("Given the common sense recognized in *Greer* and Santiago's possession in the course of the armed robberies here, this is not such a compelling story of an innocent state of mind that any reasonable juror would have acquitted Santiago on the felon-in-possession counts."); *Greer v. United States*, 141 S. Ct. 2090, 2097, 210 L.Ed.2d 121 (2021) (a person who is a felon "ordinarily knows he is a felon," and "That simple truth is not lost upon juries.").

As emphasized by the court in *Santiago*, the Petitioner must show this Court that no reasonable juror would find, beyond a reasonable doubt, that he knew his prior convictions was a crime that carried a *potential* sentence of more than a year in prison. Unfortunately, Delgado is not met his burden. This Court reconsiders its previous finding of a "miscarriage of justice" and finds that Delgado has not met the demanding standard set forth in *Santiago*. Delgado has not met his burden that he is "actually innocent" of the felon-in-possession charge under *Rehaif* and that no-reasonable-juror would find him guilty of the offense.

### III. Conclusion

The Court **GRANTS** the Government's Motion to Reconsider (Doc. 30) in light of the recent Seventh Circuit decision in *Santiago v. Streeval*, 36 F.4th 700 (7th Cir. 2022). The Court reconsiders its miscarriage of justice determination and finds Delgado has not met his burden of actual innocence under § 2241.

Accordingly, Delgado's Petition is summarily **DISMISSED** with prejudice (Doc. 1). Having disposed of this case, the Court **CANCELS** the hearing currently scheduled for September 29, 2022, at 9 a.m.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**
**Dated: September 16, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**